UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MAN FERROSTAAL, INC.

    Plaintiff,

-against-

M/V DELZOUKRE, her engines, boilers,
tackle, etc., MEADWAY SHIPPING &
TRADING INC., GRAND TEAM
NAVIGATION LTD., SK SHIPPING CO., LTD.

    Defendants.
------------------------------------------------------------X
MEADWAY SHIPPING & TRADING INC.
And GRAND TEAM NAVIGATION LTD.,

    Third-Party Plaintiffs,

- against -

STX PAN OCEAN (U.K.) CO. LTD.,

    Third-Party Defendant.
------------------------------------------------------------X

07 CV 7303 (HB)

**AMENDED THIRD PARTY COMPLAINT**

[RECEIVED OCT 09 2007 U.S.D.C. S.D.N.Y. CASHIERS stamp]

    Defendant / Third-Party Plaintiffs MEADWAY SHIPPING & TRADING CO. and GRAND TEAM NAVIGATION, LTD. (hereinafter "MEADWAY" and "GRAND TEAM"), by their attorneys, Tisdale Law Offices, LLC, as and for their Amended Third-Party Complaint against STX PAN OCEAN (U.K.) CO. LTD. (STX), allege upon information and belief as follows:

    1.    This is a case of admiralty and maritime jurisdiction and an admiralty and maritime claim within the meaning of Fed. R. Civ. Pro. 9(h) and MEADWAY and GRAND TEAM hereby invoke Rules 14(c) and 18(a) of the Federal Rules of Civil Procedure.

2. At all material times herein, MEADWAY was and is a foreign entity organized under and existing by virtue of the laws of a foreign country with a principal place of business located in Piraeus, Greece.

3. At all material times herein, GRAND TEAM was and is a foreign entity organized under and existing by virtue of the laws of a foreign country with a principal place of business located in Piraeus, Greece.

4. At all material times herein, STX was and is a foreign entity organized under and existing by virtue of the laws of a foreign country with a principal place of business located in London, England.

5. At all material times herein, STX was the time charterer of the M/V DELZOUKRE ("Vessel") pursuant to a Time Charter Party entered into between GRAND TEAM and STX.

6. At all material times herein, STX time chartered the Vessel from GRAND TEAM and thereafter sub-chartered the vessel to Defendant SK SHIPPING CO. LTD.

7. Plaintiff MAN FERROSTAAL brought the above captioned action against the Defendants alleging loss and damage to a cargo of steel coils transported under bills of lading No.s: SKSMSANL 00208, 00209, 00210, 00211, 00212, 00213 and SKSMSAHU 00381 dated August 25, 2006 on the Vessel from Shanghai, China to New Orleans, Houston U.S.A. Plaintiff alleges physical damage and cargo shortage to the cargo in the amount of $55,000.00 U.S. Copies of the Plaintiff's Verified Complaint and Defendant / Third-Party Plaintiffs' Answer are annexed hereto as Exhibits 1 and 2 respectively.

8. Plaintiff alleges that the cargo was lost and damaged by Defendants as a result of their fault and neglect.

## AS AND FOR A FIRST CAUSE OF
## ACTION AGAINST STX PAN OCEAN UK CO. LTD.

9. MEADWAY and GRAND TEAM repeat and reallege each and every allegation set forth in paragraphs 1 through 8 of the Third-Party Complaint as if repeated herein.

10. If the cargo was damaged as alleged in Plaintiff's Verified Complaint, then such damage was caused by the acts, omissions, fault, neglect, breach of contract and/or breach of warranty, express or implied of STX and / or its agents or servants.

11. By operation of Rule 14(c) of the Federal Rules of Civil Procedure, STX is liable directly to the Plaintiff.

## AS AND FOR A SECOND CAUSE OF
## ACTION AGAINST STX PAN OCEAN UK CO. LTD.

12. MEADWAY and GRAND TEAM repeat and reallege each and every allegation set forth in paragraphs 1 through 11 of the Third-Party Complaint as if repeated herein.

13. If the cargo was damaged as alleged in Plaintiff's Verified Complaint, then such damage was caused in whole or in party by the acts, omissions, fault, neglect, breach of contract and/or breach of warranty, express or implied of STX and / or its agents or servants.

14. Therefore, STX is liable directly to Plaintiff for any damages sustained as alleged in its Verified Complaint and, if Plaintiff recovers from MEADWAY or GRAND TEAM, whether by settlement or judgment, then MEADWAY or GRAND TEAM are entitled to indemnity and/or contribution from STX together with all costs and attorneys fees.

## AS AND FOR A THIRD CAUSE OF
## ACTION AGAINST STX PAN OCEAN UK CO. LTD.

15. MEADWAY and GRAND TEAM repeat and reallege each and every allegation set forth in paragraphs 1 through 14 of the Third-Party Complaint as if repeated herein.

16. If the cargo was damaged as alleged in Plaintiff's Verified Complaint, then such damage was caused in whole or in party by STX's breach of their contract of carriage with Plaintiff and/or their charter party contract with GRAND TEAM and/or their charter party contract with SK SHIPPING CO. LTD.

17. Therefore, STX is liable directly to Plaintiff for any damages sustained as alleged in its Verified Complaint and, if Plaintiff recovers from MEADWAY or GRAND TEAM, whether by settlement or judgment, then MEADWAY or GRAND TEAM are entitled to indemnity and/or contribution from STX together with all costs and attorneys fees.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST STX PAN OCEAN UK CO. LTD.

18. The claims between Defendant / Third Party Plaintiffs MEADWAY AND GRAND TEAM and Third-Party Defendant STX are subject to arbitration pursuant to the charter party between these entities.

19. The claims between Defendant / Third Party Plaintiffs MEADWAY AND GRAND TEAM and Third-Party Defendant STX should proceed to arbitration pursuant to the terms of the charter party between them.

**WHEREFORE**, Defendant / Third-Party Plaintiffs MEADWAY and GRAND TEAM pray that:

1. Process in due form of law may issue against Third-Party Defendant STX to appear and answer all and singular the mattes aforesaid and to answer the Plaintiff's Verified Complaint as provided in Rule 14(C) of the Federal Rules of Civil Procedure;

2. If the Third-Party Defendant cannot be found within this District, then all its property within this District be attached in the amount of $55,000.00, with interest thereon and costs, pursuant to Supplemental Admiralty Rule B;

3. Judgment be entered in favor of the Third-Party Plaintiffs against Third-Party Defendant for indemnity and/or contribution;

4. Judgment be entered adjudging the Third-Party Defendant directly liable to the Plaintiff for any damages suffered by the Plaintiff as alleged in its Verified Complaint;

5. The Plaintiff's action against these Defendants / Third-Party Plaintiffs be dismissed;

6. Third-Part Plaintiffs be awarded costs and reasonable attorneys fees; and

7. For such other and further relief that this Court may deem just, proper and equitable.

Dated: New York, NY
October 9, 2007

Attorneys for Defendants
MEADWAY SHIPPING & TRADING INC. AND GRAND TEAM NAVIGATION LTD.

By: *[signature]*
Claurisse Campanale-Orozco (CC3581)
Thomas L. Tisdale (TT 5263)
Tisdale Law Offices, LLC
11 West 42nd Street, Suite 900
New York, NY 10036
Tel: (212) 354-0025
Fax: (212) 869-0067
corozco@tisdale-law.com
ttisdale@tisdale-law.com

## AFFIRMATION OF SERVICE

I hereby certify that on October 11, 2007, a copy of the foregoing AMENDED THIRD PARTY COMPLAINT was served via U.S. mail, postage prepaid, on the following:

Harold M. Kingsley
Kingsley, Kingsley & Calkins
91 West Cherry Street
Hicksville, NY  11801

Randolph H. Donatelli
Cichanowicz, Callan, Keane, Vengrow & Textor
61 Broadway, Suite 3000
New York, NY  10006

Claurisse Campanale-Orozco

# EXHIBIT 1

HMK/jb FS7915

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

MAN FERROSTAAL, INC.

                Plaintiff,

-against-

M/V DELZOUKRE, her engines, boilers, tackle, etc., MEADWAY SHIPPING & TRADING INC., GRAND TEAM NAVIGATION LTD., SK SHIPPING CO., LTD.

                Defendants.

-------------------------------------------------------X

07 CIV 7303 (HB) (THK)
ECF CASE

**VERIFIED COMPLAINT**

Plaintiffs through their attorney KINGSLEY, KINGSLEY & CALKINS allege for their complaint herein:

1. This is a claim under the Court's Admiralty and Maritime jurisdiction with respect to the carriage of goods by water, and under the Federal question jurisdiction under the Interstate Commerce Act, and Court's diversity and pendent jurisdiction with respect to the remaining aspects of the claim.

2. Plaintiffs are the owners or duly authorized representatives of the owners or underwriters or subrogated underwriters of cargo shipped on board the captioned vessel which is more particularly described in Schedule A hereto, and for which bills of lading were issued.

3. Defendants were vessel owners, suppliers, sellers, shippers, inspectors, managers, operators, charterers, freight forwarders, stevedores, terminal operators, common carriers by water and by land, bailees for hire, insurers and sureties with respect to the cargo described in Schedule A hereto which was sold, shipped, inspected, carried, kept, discharged and delivered from

the captioned vessel, inland conveyances, terminals and warehouses by defendants.

4. The cargo described in Schedule A was lost and damaged by defendants due to the fault, neglect, deviation, unseaworthiness, maritime tort, tortious interference with contract, breach of warranty, sinking, stranding, salvage expenses, general average and conversion of defendants, their agents and servants, and delivered by defendants in non-conforming and contaminated condition, mis-delivered and non-delivered.

5. The vessel is now or will be during the pendency of this action within the jurisdiction of this Honorable Court.

6. Plaintiffs' sue on their own behalf and as agents and trustees on behalf of any other party who may now have or hereinafter acquire an interest in this action.

7. If this claim is subject to Arbitration then plaintiffs hereby demand such Arbitration and appoint Lucienne C. Bulow of New York City as arbitrator thereof.

8. Plaintiffs' damages are in excess of $55,000.00.

WHEREFORE, plaintiffs demand judgment in an amount exceeding $55,000.00 plus interest and costs and pray the Court to issue its process against the aforesaid defendants and vessel.

Dated: August 1, 2007

                              KINGSLEY, KINGSLEY & CALKINS
                              Attorneys for Plaintiffs

                              BY: /S/_____
                                    HAROLD M. KINGSLEY
                                    91 West Cherry Street
                                    Hicksville, New York 11801
                                    (516) 931-0064
                                    hmk@kingsleyandkingsley.com

SCHEDULE A

OUR REF:              FS 7915

VESSEL:               M/V DELZOUKRE

PORTS:                SHANGHAI/NEW ORLEANS, HOUSTON

BILLS OF LADING:      SKSMSANL 00208, 209, 210, 211, 212, 213
                      SKSMSAHU 00381

DATED:                AUGUST 25, 2006

CHARTER PARTY:        BETWEEN SK SHIPPING LTD. AND
                      MAN FERROSTAAL, INC.
                      DATED: AUGUST 11, 2006

DESCRIPTION OF CARGO: STEEL PIPE

AMOUNT:               $ 55,000.00

## VERIFICATION

Harold M. Kingsley, the undersigned, an attorney admitted to practice in the courts of the state of New York, state that I am the attorney of record for MAN FERROSTAAL, INC., in the within action; I have read the foregoing Complaint and know the contents thereof; and I declare and affirm under penalties of perjury that the same is true to my knowledge based on documents in my file, on information and belief, and which I believe to be true.

The reason this Verification is made by the undersigned and not by an officer of MAN FERROSTAAL, INC., is that there are no officers now present in Nassau County where affiant has his office.

Dated: August 1, 2007

\_\_\_\_/S/_____
HAROLD M. KINGSLEY