505-121

**DeORCHIS, WIENER & PARTNERS, LLP**
61 Broadway, 26th Floor
New York, New York 10006-2802
(212) 344-4700

Attorneys for Third-Party Defendant
STX PAN OCEAN (U.K.) CO. LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MAN FERROSTAAL, INC.,

                        Plaintiff,

            -against-

M/V DELZOUKRE, her engines, boilers, tackle,       07 Civ. 7303 (HB)
etc., MEADWAY SHIPPING & TRADING
INC., GRAND TEAM NAVIGATION LTD., SK
SHIPPING CO., LTD.

                        Defendants.
-------------------------------------------------------------X
MEADWAY SHIPPING & TRADING INC. and        **ANSWER TO**
GRAND TEAM NAVIGATION LTD. and SK            **VERIFIED COMPLAINT**
SHIPPING CO. LTD.,

                Third-Party Plaintiffs,

            -against-

STX PAN OCEAN (U.K.) CO. LTD.,

                Third-Party Defendant.
-------------------------------------------------------------X

       Third-Party Defendant STX PAN OCEAN (U.K.) CO. LTD., by and through its attorneys, DeORCHIS, WIENER & PARTNERS, answering Plaintiff's Verified Complaint, alleges upon information and belief as follows:

1. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 1 of Plaintiff's Verified Complaint.

2. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 2 of Plaintiff's Verified Complaint.

3. Denies the allegations in Paragraph 3 of the Complaint in that it does not comply with Federal Rules of Civil Procedure 8(a)(2) and 11(b)(3).

4. Denies each and every allegation contained in Paragraph 4 of Plaintiff's Verified Complaint.

5. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 of Plaintiff's Verified Complaint.

6. Denies each and every allegation contained in Paragraph 6 of Plaintiff's Verified Complaint.

7. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7 of Plaintiff's Verified Complaint.

8. Denies each and every allegation contained in Paragraph 8 of Plaintiff's Verified Complaint.

### AS AND FOR ALTERNATIVE AFFIRMATIVE DEFENSES TO THE CLAIMS SET FORTH IN THE COMPLAINT, THIRD-PARTY DEFENDANT STX PAN OCEAN (U.K.) CO. LTD. ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

*First Affirmative Defense*

9. The shipment described in Plaintiff's Verified Complaint is subject to all the terms, conditions and exceptions contained in certain bills of lading then and there issued therefor by which the shippers and consignees of said bills of lading agreed to be and are bound. Any shortage, loss and/or damage to the shipment, which this Third-Party Defendant

expressly denies, was due to causes for which Third-Party Defendant is not liable or responsible by virtue of the provisions of the United States Carriage of Goods by Sea Act, 46 U.S.C. 1300 *et seq.*, approved April 16, 1936, and/or the Harter Act, and/or the provisions of the bills of lading, and/or the General Maritime Law, and/or Hague-Visby Rules, and/or applicable foreign law.

### *Second Affirmative Defense*

10.     Due diligence was exercised on the part of the carrier to make the vessel and its appurtenances seaworthy, and to make all other parts of the ship in which goods are carried, fit and safe for their reception, carriage and preservation.

### *Third Affirmative Defense*

11.     If the goods were damaged, which Third-Party Defendant expressly denies, the damage was caused by or due to insufficiency of packaging or inadequacy of marks for which the Third-Party Defendant is not liable pursuant to §§ 1304(2)(n) and (o) of the Carriage of Goods by Sea Act, the equivalent provisions of the Hague-Visby Rules and by the terms of the contract of carriage.

### *Fourth Affirmative Defense*

12.     Any damage to the goods, which is expressly denied, was caused by, due to, or contributed to by inherent defect, quality or vice of the goods for which the Third-Party Defendant is not liable pursuant to the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304(2)(m), the equivalent provisions of the Hague-Visby Rules and by the terms of the contract of carriage.

### *Fifth Affirmative Defense*

13.     Plaintiff has failed to reasonably mitigate its damages.

### *Sixth Affirmative Defense*

14. Any loss or damage to the goods, which is expressly denied, was caused by, due to or contributed to by an act or omission of the shipper or owner of the goods, their agents, representatives or independent contractors for which this Third-Party Defendant is not liable pursuant to the Carriage of Goods by Sea Act, 46 U.S.C. Section 1304(2)(i), by the terms of the contract of carriage and/or the equivalent provision of the Hague-Visby Rules.

### *Seventh Affirmative Defense*

15. The Verified Complaint fails to state a claim upon which relief may be granted.

### *Eighth Affirmative Defense*

16. The maximum liability of Third-Party Defendant, if any, is $500 per package or per customary freight unit for goods not in packages as agreed in the provisions of the bills of lading and pursuant to the provisions of the Carriage of Goods by Sea Act, specifically 46 U.S.C. § 1304(5).

### *Ninth Affirmative Defense*

17. The venue of this matter is improperly placed in this District in that the claims should have been separately prosecuted in Houston, Texas and New Orleans, Louisiana.

### *Tenth Affirmative Defense*

18. This District is an inconvenient forum for a trial of this action which should, therefore, be dismissed, in that Houston and/or New Orleans is a more convenient forum.

### *Eleventh Affirmative Defense*

19. If the goods were lost and/or damaged, which is expressly denied, said loss and/or damage was caused in whole or in part by the contributory negligence of the Plaintiff and/or its agent, representatives or independent contractors.

### *Twelfth Affirmative Defense*

20.     Plaintiff is not a real party in interest as required by Rule 17.

### *Thirteenth Affirmative Defense*

21.     If Plaintiff's cargo suffered any loss or damage, which Third-Party Defendant expressly denies, then such loss or damage resulted from a cause arising without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants of the carrier, and the carrier is not liable pursuant to the provisions of the Carriage of Goods by Sea Act, 46 U.S.C. §1304(2)(q).

### *Fourteenth Affirmative Defense*

22.     This Honorable Court lacks subject matter jurisdiction by reason of Plaintiff's failure to join an indispensable parties pursuant to Rule 19 of the Federal Rules of Civil Procedure, to wit:  the seller of the goods, the loading stevedore, the discharging stevedores and the river barge operator.

### *Fifteenth Affirmative Defense*

23.     If Plaintiff's cargo suffered any loss or damage, which Third-Party Defendant expressly denies, said loss or damage was caused by a peril, danger or accident of the sea or other navigable waters for which the carrier is not liable pursuant to the provision of the Carriage of Goods by Sea Act, 46 U.S.C. § 1304(2)(c), the contract of carriage or the Hague-Visby Rules.

### *Sixteenth Affirmative Defense*

24.     The goods which are the subject of this action are presumed to be in the same condition when delivered to the receiver/consignee as when received by Third-Party Defendant because Plaintiff did not give timely written notice of loss or damage under the provisions of

the bills of lading and as required by the Carriage of Goods by Sea Act, 46 U.S.C. §1303(6) and/or Article III(6), Hague-Visby.

### *Seventeenth Affirmative Defense*

25.     If the goods were lost and/or damaged, which is expressly denied, the loss and/or damage was caused by the act, neglect, or default of the master, mariner, pilot, or servants of the carrier in the navigation or in the management of the ship, and the carrier is not liable pursuant to the Carriage of Goods by Sea Act, 46 U.S.C. § 1304(2)(a) or Article IV(2)(a) of Hague-Visby.

### *Eighteenth Affirmative Defense*

26.     Defendant STX Pan Ocean (UK) Co. Ltd. owes no duty, contractual or otherwise, to plaintiff.

### *Nineteenth Affirmative Defense*

27.     This Honorable Court lacks *in personam* jurisdiction of Third-Party Defendant in that it is not amenable to jurisdiction and in that the process served was legally insufficient.

WHEREFORE, Third-Party Defendant STX PAN OCEAN (U.K.) CO. LTD., demands judgment dismissing the Verified Complaint herein, together with costs and disbursements of this action, and for such other and further relief as in the premises may be just and proper.

Dated:  New York, New York
        December 12, 2007

                            **DeORCHIS, WIENER & PARTNERS, LLP**
                            Attorneys for Third-Party Defendant
                            STX PAN OCEAN (U.K.) CO. LTD.

By: /s/ Christopher H. Mansuy
     **Christopher H. Mansuy (CM-0813)**
     61 Broadway, 26th Floor
     New York, New York  10006-2802
     (212) 344-4700
     Our File:  505-121

T O :

KINGSLEY, KINGSLEY & CALKINS
Attorneys for Plaintiffs
91 West Cherry Street
Hicksville, New York   11801